PER CURIAM:
Claimant brought this action for damage to his 2000 Chrysler Sebring which occurred when he was traveling on the U.S. Route 50 exit ramp, at the West Virginia Avenue Exit in Clarksburg, Harrison County, and his vehicle struck a large hole in the road. Respondent was responsible at all times herein for the maintenance of U.S. Route 50. The Court is of the opinion to deny this claim for the reasons set forth more fully below.
The incident giving rise to this claim occurred on February 24, 2003, at approximately 8:00 a.m. Claimant was driving his daughter to school in Clarksburg. The weather was clear but there was still some snow on the roads remaining from a week long snow storm that had just ended. Claimant stated that some of respondent’s employees were continuing to clear the roads on the morning of this incident. Claimant testified that he was traveling at approximately thirty-five mies per hour as he turned onto the U.S. Route 50 exit ramp at West Virginia Avenue. He estimated that he was approximately two car lengths onto the ramp, when suddenly he saw a large hole in the road in front of him which he was unable to avoid. His vehicle’s right front tire struck the hole. Claimant described the impact as serious, but he did not realize that his vehicle suffered any damage until a few days later when he noticed that the outside portion of the right front wheel was bent. According to claimant, this portion of U.S. Route 50 is a one lane exit ramp. He stated that there is a median on both sides of the travel portion of the road. He testified that the hole was located on the right side of the road approximately one to two feet from the white edge line. He also testified that the hole was approximately eighteen to twenty-four inches in diameter and was “fairly deep”. According to claimant, the last time he traveled this portion of highway was approximately one week prior to this incident. Further, he estimated that he travels this road twelve times per week when he takes his daughter to school. However, he had not traveled through this location for one week because his daughter’s school was canceled as a result of the large snow storm. Claimant testified that he had never noticed the hole prior to this incident. Claimant submitted a repair bill into evidence at the hearing in the amount of $436.72 for the cost of replacing the wheel.
Claimant asserts that respondent knew or should have known that this hole was present and taken timely and adequate measures to remedy the hazard.
It is respondent’s position that it was on snow removal and ice control at the time of this incident and that it did not have notice of this hole until after the incident.
David Adams, the Transportation Crew Chief for respondent at Tunnel Hill, U.S. Route 50 in Harrison County, is responsible for maintaining U.S. Route 50. Mr. Adams testified that he is familiar with the portion of road at issue. He stated that this incident occurred on a short exit ramp on U.S. Route 50 that is approximately twenty-four feet wide at the beginning of the ramp. The ramp narrows to approximately twelve feet and *82 it eventually becomes a two-lane divided highway. Mr. Adams testified that respondent was involved in snow removal and ice control (also referred to as “SRIC”) on the date of this incident and during the most of February 2003. According to Mr. Adams, when respondent is operating in SRIC mode, it is considered to be an emergency condition during which time all employees work to remove snow and ice from the roads with all other activities suspended. Further, Mr. Adams testified that February 2003 was an unusually harsh month with a lot of snow and ice. He also testified that neither he nor his crew received any prior complaints about the hole claimant’s vehicle struck.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va.1947). To hold respondent liable for defects of this type, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept, of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept, of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, claimant did not establish that respondent had notice of the hole on the U.S. Route 50 exit ramp. There was no evidence presented by claimant that respondent did not take reasonable steps to ensure the safety of the traveling public at this location on U.S. Route 50. Respondent was also operating in SRIC mode which is an emergency condition. It was required to concentrate its activities on snow removal and ice control for most of February 2003. While the Court is sympathetic with the claimant’s loss, there is insufficient evidence of negligence upon which to base an award.
Therefore, in view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.